ERVIN, Justice.
By petition for writ of certiorari, we have for review an order of the Florida Industrial Commission dated July 14, 1964.
Respondent-claimant, a fifty-three year old laborer employed by the Board of County Commissioners of Dade County, one of the petitioners, was seated on the chassis of a sprayer towed by a tractor when his right leg was caught between the tractor and the sprayer while spraying grass along an airport runway. In the accident the calf of his right leg was punctured by a bolt.
Claimant was examined and treated by several doctors. Various operations were performed to alleviate claimant’s continued pain in his back, hip, thigh, leg and knee. One of the doctors, Dr. Shcrwyn Weiss, diagnosed claimant’s condition as an occlusion of the right common iliac artery extending up to the bifurcation at the aorta. It is undisputed that at the time of the injury claimant had arteriosclerosis. Dr. Weiss was of the opinion that there was a causal connection between the accident and the occlusion of the right common iliac artery in that it was precipitated by the accident superimposed on the pre-existing condition of arteriosclerosis. Dr. Weiss based his opinion on either or both of two medical theories. There was medical testimony conflicting with the opinion of Dr. Weiss. Claimant has not yet reached maximum recovery.
The deputy adopted Dr. Weiss’ appraisal of the case and awarded claimant temporary total disability and medical benefits. The full Commission affirmed.
The petitioners contend there is error in the finding of causal connection between the accident and the occlusion of the right common iliac artery. While the medical evidence is in dispute on this issue and there is obviously considerable doubt as to whether there was said causal connection, we are not medical experts and do not feel qualified to disturb this finding.
Petitioners further contend that the deputy erred in awarding claimant temporary total disability and medical benefits without apportioning the degree of aggravation or acceleration of the pre-existing disease as required by F.S. § 440.02(19), F.S.A.
The record indicates that claimant’s preexisting condition of arteriosclerosis is largely responsible for his present condition. Dr. Weiss, upon whose opinion the deputy relied primarily, also testified to this effect. There is no dispute as to the presence of claimants’ pre-existing condition and it appears that said condition was aggravated by the injury.
Respondent-claimant contends that the Legislature did not intend that § 440.02(19), F.S., F.S.A., be construed to apply to temporary total disability and medical benefits. This contention was rejected in Shores Development, Inc., v. Carver (Fla.), 164 So.2d 803. In that case we held that the provisions of § 440.02(19), F.S., F.S.A., require apportionment of temporary total disability and medical benefits where a com-pensable injury aggravates a pre-existing condition or disease. Our holding in the Carver case controls the issue here. The full Commission erred in affirming the deputy’s award when it should have required the deputy to determine the degree of aggravation and acceleration and apportioned the award accordingly.
Petitioners raise other points for reversal of the order of the full Commission, but we find them to be without merit.
*237 The order of the full Commission is affirmed in part and reversed in part, with directions that the cause be remanded to the deputy for further proceedings not inconsistent with this opinion.
THOMAS, Acting C. J., and THOR-NAL, O’CONNELL and CALDWELL, JJ-, concur.