CHARLES A. STEWART COMPANY and THE UNITED STATES FIDELITY AND GUARANTY COMPANY, v. PAUL DOBSON and THE FLORIDA INDUSTRIAL COMMISSION.

15 So. (2nd) 481                                 June Term, 1943
November 16, 1943                                    Division A

*Carver & Langston,* for appellants.
*Oxford & Oxford,* for appellees.

ADAMS, J.:

This appeal brings for review a judgment of the circuit court which approved an award of compensation to appellee by the Industrial Commission.

The circuit court found, as did the Industrial Commission, that appellee sustained an accident on November 19, 1941, while attempting to lift and load a field box of citrus fruit

on a moving truck. The claim was contested chiefly because there was no accident on November 19, 1941, and also because the disability was directly attributable to claimant's falling from an orange tree while picking fruit for appellant in April 1938. The circuit judge found from competent and satisfactory testimony that claimant sustained an accident while in the course of his employment·on November 19, 1941, which resulted in his total permanent disability; that while claimant had on two previous occasions sustained injuries while in appellant's employment but the injuries were of such minor nature claimant was able to continuously engage in hard manual labor until the injury on November 19, 1941.

The medical testimony to sustain the judgment is summarized in the quotation appearing in the well prepared opinion of the circuit judge which is as follows:

"Conclusion: I can not help but believe that the force, of picking up a field box of citrus fruit on November 19, 1941, caused the fracture in question, and his present condition can be attributed to this injury. Now it is possible than an old injury of the eighth dorsal vertebrae has persisted since 1938 and the 1941 injury is an aggravation of this condition but we must remember that at no time, from his injury in 1938, to November 19, 1941, do we have a history of the back giving sufficient trouble to make this man stop work."

Our conclusion is that the judgment is free of error and the same is affirmed.

BUFORD, C. J., TERRELL and CHAPMAN, JJ., concur.