INTERCONTINENT AIRCRAFT CORPORATION, Employer and STANDARD ACCIDENT INSURANCE COMPANY, Carrier v. ISABELLE EDITH PICKTON, Claimant, and FLORIDA INDUSTRIAL COMMISSION.

16 So. (2nd) 292                 January Term, 1944
January 14, 1944                 Division B
Rehearing Denied February 4, 1944

*McKay, Dixon & DeJarnett,* for appellants.
*Alfred E. Sapp,* for appellees.

BUFORD, C. J.:

The deceased employee sustained an injury to his arm on November 21, 1942, was taken to the hospital on November 24th and died on December 3, 1942. The disabilities subsequent to the injury were out of proportion to the actual trauma. Shortly after deceased was admitted to the hospital it was discovered that he was suffering from leukemia. According to appellants' history, this had probably existed six months and was later shown to have been the monocytic type. Appellee's history states that it could not be proven that the decedent had leukemia prior to his injury, because of the lack of previous clinical and laboratory tests, but that he probably did in the early stages. Appellee states that there was no doubt but that the injury or trauma converted it into an acute episode; appellants state that deceased exhibited symptoms of the disease prior to the accident, although it was not diagnosed until after the accident; that the em-

ployee's death was inevitable, and that there is no cure for leukemia.

The award of the deputy commissioner found that the deceased had a life expectancy of four years which was cut off by the injury that accelerated his death to that extent entitling the claimant to compensation for four years at the maximum weekly rate of $18.00. Also awarded were funeral and medical bills in the amount of $1150.00, and an attorney's fee of $350.00. On subsequent appeals the award was affirmed by the full commission and the circuit court, these two adding attorney's fees in the amounts of $125.00 and $100.00 respectively (making a total of $575.00).

Appellants say the purpose of the appeal which they have taken is to reduce the estimated life expectancy of the deceased to conform with the great weight of the testimony, which showed that the deceased would have lived "between six months and a year had he not suffered the accident," and to reduce the amount of attorney's fees allowed.

While there is evidence in the record to sustain the contentions of the appellant, there was, as reflected by the record, substantial legal evidence to support the conclusion and judgment of the circuit court.

The judgment is affirmed and claimant is allowed judgment for the sum of $125.00 for attorney's fees in this Court.

So ordered.

Affirmed.

BROWN, THOMAS and SEBRING, JJ., concur.