140 So.2d 868 (1962)
Ollie Mae HAMPTON, Claiming As Dependent Widow of John LeRoy Hampton Deceased, Petitioner,
v.
OWENS-ILLINOIS GLASS COMPANY, PAPER PRODUCTS DIVISION, Plant #30, and Its Compensation Carrier, the Aetna Casualty & Surety Company, and Florida Industrial Commission, Respondents.
No. 31473.
Supreme Court of Florida.
May 2, 1962.
Rehearing Denied June 1, 1962.
*869 William D. Barfield and William T. Mayo, Jacksonville, for petitioner.
Harry T. Gray, Francis P. Conroy, George Stelljes, Jr., Marks, Gray, Yates, Conroy & Gibbs, Jacksonville, Burnis T. Coleman, Patrick H. Mears, Tallahassee, for respondents.
THORNAL, Justice.
We have for review an order of the Florida Industrial Commission reversing an order of the Deputy Commissioner who had awarded Workmen's Compensation benefits to the petitioner as widow of a deceased employee.
John LeRoy Hampton died as a result of a heart attack suffered while working for the respondent Owens-Illinois Glass Company. The evidence reveals that Hampton was suffering from a pre-existing heart ailment. After extensive hearings the Deputy Commissioner concluded that unusual emotional and physical exertions beyond the requirements of his ordinary employment aggravated the pre-existing heart condition and accelerated Hampton's death. The Deputy found in effect that the terminal heart attack resulted from a combination of the pre-existing heart condition and the unusual emotional and physical pressures imposed upon the employee on the day of the attack and immediately prior thereto. Upon review, the Full Commission disagreed with the Deputy, with the conclusion that "There is a dearth of evidence of any kind * * *" to support the finding that the employee "* * * was under an unusually and fairly severe emotional and physical strain * * *" while operating a machine in the course of his employment on the date of his death.
In cases of this type we often find sharp conflicts in the evidence. An examination of the voluminous record, however, leads us to conclude that the finding of the Deputy was supported by competent substantial evidence which accorded with logic and reason. It was, therefore, error for the Full Commission to disturb the compensation order of the Deputy Commissioner. U.S. Casualty Company v. Maryland Casualty Company, Fla., 55 So.2d 741.
We have recently undertaken to summarize the views of this Court regarding the disposition of so-called "heart cases." Victor Wine and Liquors Inc. v. Beasley, 141 So.2d 581, opinion on rehearing filed April 4, 1962.
In Victor Wine we applied Section 440.02(19), Florida Statutes, F.S.A., to situations involving a pre-existing heart condition which is aggravated by an industrially related accident. We held that in such cases there must be an apportionment of any award of compensation in proportion to the percentage of the cause of death or injury attributable to the industrial accident and pre-existing heart ailment respectively.
In the instant case the Deputy Commissioner on the basis of the conflicting testimony attributed 30% of the cause of death to the industrial accident. She then applied Section 440.16(2), Florida Statutes, F.S.A., which allows compensation to a widow at the rate of 35% of the employee's average weekly wage for a period not in excess of 350 weeks in cases where death results from an industrial accident. The Deputy apportioned the liability for Mr. Hampton's death on the basis of 30% chargeable to the accident and 70% to the pre-existing heart ailment. By mathematical calculation she allowed the widow 35% of the employee's average weekly wage for a period of 105 *870 weeks which, obviously, is 30% of the maximum compensable period of 350 weeks.
Without benefit of our opinion in Victor Wine the Deputy here has reached a basis for the award consistent with the intendments of that opinion. In other words, in applying Section 440.02(19), when a pre-existing disease combines with an industrial accident to produce death of an employee, evidence should be submitted, on the basis of reasonable medical certainty, apportioning the cause of death between the disease and the industrially related accident. Compensation shall be allowed for that portion of the cause of death attributable to the industrial accident. It shall be in the proportion which the industrial accident bears to the total allowable recovery if the death were produced entirely by an industrial accident. For example, under the existing statute, if the industrial accident is found to be 10% of the cause of death, then recovery would be allowed for 10% of 350 weeks or 35 weeks, or if, as here, the industrial accident is found to have contributed 30% to the cause of death, compensation is allowed for 30% of the statutory period.
In the instant case the Full Commission held the rule to be that the Deputy should determine the life expectancy of the employee in the light of his pre-existing ailment prior to the industrial accident and allow recovery for the entire period up to the statutory maximum. The Commission relied on Intercontinent Aircraft Corporation et al. v. Pickton et al., 1944, 154 Fla. 8, 16 So.2d 292. The cited case, which has no further history in our decisions, would appear to support the Commission's conclusion. However, the problem of apportionment was not there raised. The entire issue appeared to revolve around the sufficiency of the evidence regarding the length of the decedent's life expectancy. Both sides accepted the life expectancy as the compensable period. We therefore feel justified in announcing that anything in Intercontinent apparently contrary to our present position is not controlling.
The rule we here approve takes cognizance of the relative causal effect of the pre-existing disease and the industrial accident in producing the death. It then fixes the compenstation in direct ratio to the causal connection between the industrial accident and the death.
We realize that we are dealing with fact situations, which at times will be difficult to prove. However, the rule which we have announced involves no greater difficulties than one which depends on speculation as to the life expectancy of a particular employee suffering from a chronic cardiac ailment. We are also satisfied that the apportionment formula which we have prescribed is the one contemplated by the legislative mandate contained in Section 440.02 (19), supra. Perhaps further legislative action is needed to simplify the solution to the problem. Until that comes about we must take the law as the Legislature has announced it.
The order of the Deputy Commissioner now under consideration comports with the requirements of the law. The Full Commission committed error in reversing the Deputy and ordering the dismissal of the claim.
On the basis of the foregoing decisions, the order of the respondent Commission is quashed and the cause is remanded with directions to re-instate the order of the Deputy Commissioner.
It is so ordered.
ROBERTS, C.J., and TERRELL, THOMAS and O'CONNELL, JJ., concur.