THORNAL, Justice.
By a petition for writ of certiorari we are requested to review an order of the Florida Industrial Commission reversing an order of a deputy commissioner who had awarded compensation benefits for an industrially related heart attack.
We must decide whether the heart attack was the product of petitioner’s industrial activity.
Petitioner Scott was employed as a butcher by the respondent Kerr. Among his routine duties he was required to lift sides of beef weighing approximately 100 pounds and boxes of chickens weighing approximately 65 pounds. On December 11, 1961, while in the course of his employment, Scott entered his employer’s refrigerator for the purpose of obtaining two boxes of chickens. The boxes were stacked on a shelf approximately shoulder height. As claimant attempted to remove one of the boxes it slipped and fell towards the floor. The claimant reached down and caught the 65 pound box of chickens with his left arm and hand before it reached the floor. This effort placed him in an awkward position in catching the box of chickens. Immediately following the exertion, Scott felt sharp pains in his left arm. Within a matter of minutes he felt additional pains in both left and right arms and pain in his chest, which he described as “a very tight-pulling, squeezing pain * *
He immediately asked to be relieved of further work for the day. He originally suspected “acute indigestion.” On December 18, 1961, after an electrocardiogram, his doctor diagnosed his condition as a myocardial infarction. A claim for compensation was subsequently filed.
At the hearing the claimant’s doctor testified that he had an arteriosclerotic condition preceding the heart attack. He conceded that an infarction could result from exertion or it could occur even in the absence of exertion. He explained that a myocardial infarction is simply the death of a certain portion of the heart muscle, which results from an occlusion or cutting off of the blood supply to the muscle. The occlusion could be the product of a number of conditions or occurrences. In this instance claimant’s doctor was of tire opinion and testified to the effect that “the chicken episode” triggered or initiated the coronary occlusion. The physician for the employer submitted an opinion to the effect that the occlusion could have occurred under almost any circumstances. It was his view that the so-called chicken episode was not in this instance the initiating factor. Testimony before the deputy did not establish a date of maximum medical recovery. However, the deputy commissioner accepted the testimony of claimant’s physician. He found that Scott was injured by an accident arising out of and in the course of his employment on December 11, 1961. He awarded temporary total benefits followed by temporary partial benefits. On review the Full Commission reversed the deputy. It held that there was no evidence of a strain in excess of that normally encountered in carrying out the duties of a butcher. Relying upon our opinion in Victor Wine & Liquor, Inc. v. Beasley, Fla., 141 So.2d 581, the Full Commission concluded that there was no unusual strain or exertion which would support a causal connection between the heart attack and Scott’s employment. The majority of the Full Commission directed the deputy to dismiss the claim. We now have this order for review.
 In reaching the conclusion which we hereafter announce we do so by observing established limitations upon the scope of review available to the Full Commission and to this Court when examining a compensation order of a deputy commissioner. It is our function to look to the record to ascertain whether the order of the deputy commissioner is supported by competent substantial evidence which accords with logic and reason. U. S. Casualty Co. v. Maryland *849 Casualty Co., Fla., 55 So.2d 741. The test is not whether we would necessarily reach the same factual conclusion. The standard is whether the deputy’s factual findings have competent and substantial evidentiary support in the record.
We are not here confronted with the necessity of ascertaining what would or would not he routine activities for a butcher employed as was the claimant. The record here reveals an industrial accident within the scope of the statutory definition. Section 440.02(19). An accident is there defined to mean “an unexpected or unusual event or result, happening suddenly.” In the instant case it can hardly he denied that the sudden slipping and falling of the box of chickens, accompanied by the employee’s effort to retrieve the box before it struck the floor, constituted an unexpected or unusual event which happened suddenly. If as a result of this occurrence the employee had suffered a broken arm or a slipped disc it could hardly be contended that the injury was not the product of an industrially related “accident.” Gray v. Employers Mutual Liability Insurance Co., Fla., 64 So.2d 650; Stewart Co. v. Dobson, 153 Fla. 693, 15 So.2d 481; Crawford v. Benrus Market, Fla., 40 So.2d 889. The record having established the occurrence of an industrial accident, the question remains regarding the causal relationship between the accident and the ensuing heart attack.
On this important factor there is divergence of views between the testifying physicians. One stated the opinion that the occurrence “initiated the heart attack.” He took note of the sharp pains in the arms and chest which immediately followed the occurrence. The other doctor was of the view that although the relationship between the heart attack and the accident was a possibility it was, nevertheless, in his opinion, improbable. As is often the situation the medical opinions were at variance. The deputy commissioner accepted the view of the claimant’s doctor after hearing all of the testimony and considering the record in its entirety. As a reviewing court, we must conclude that there was competent substantial evidence to support the deputy’s findings. In reversing these findings the Full Commission seems to have re-evaluated the evidence and substituted its judgment for that of the deputy.
We have not overlooked Arkin Construction Co. v. Simpkins, Fla., 99 So.2d 557. In that case the record was totally lacking in any immediate symptoms indicating a heart attack following the accident. It was there noted that there was no evidence to show that following the industrial accident there was shock, pain, or anxiety, such' as would probably initiate a heart attack. The distinction is that in the instant case such evidence was actually present to support • the physician in his conclusion that there was a causal relationship.
The record does not indicate the date of maximum recovery. It also reveals that claimant suffered an arteriosclerotic condition which was a major contributing factor in producing the heart attack. Obviously, therefore, the industrial accident was merely an initiating cause and not the sole cause of the disability. We agree with the dissenting Commissioner that instead of dismissing the claim the matter should be returned to the deputy commissioner with directions to apportion the responsibility for the disability by taking into consideration the existence of the pre-existing disease and allow benefits only to the extent which this disease was aggravated by the industrial accident in producing the ultimate disability.
The order of the Full Commission is reversed and the cause is remanded with directions to proceed in accordance with this opinion.
It is so ordered.
DREW, C. J., and TERRELL and ROBERTS, JJ., concur.
THOMAS, O’CONNELL and CALDWELL, JJ., dissent.