ROBERTS, Justice.
The claimant seeks a writ of certiorari to have reviewed an order of the Florida Industrial Commission affirming an order of the deputy commissioner which denied compensation benefits for an industrially related heart attack.
On Saturday, June 1, 1963, while at work, the employee-decedent experienced a sudden sharp pain in his chest when he slipped and fell in attempting to turn a large valve in an air-conditioning system Pain persisted for about an hour and then subsided. He worked the remainder of the day, the next day, and on the third day after two hours of his usual heavy work he again experienced severe chest pain and passed out for a period of time. He was hospitalized that evening and died of a coronary thrombosis on Wednesday, June 5, 1963. The record shows that he had felt somewhat ill and never fully recovered after his accident on Saturday but went about his normal activities without *2 much complaint. We pause here to note that it is commendable in this age of hypochondria that some stalwart individuals still refuse to succumb to every pain, even though sometimes subsequent events tend to prove that such would have been more prudent for both the employee and his heirs.
The point for decision is whether the heart attack was causally related to decedent’s employment and therefore compensable. The deputy held that it was not and by a majority vote the Full Commission affirmed.
We have heard oral argument, scanned the record and conclude that the order of the Full Commission should be quashed. We concur in the view of the dissenting member of the Commission and quote from it for clarification of our position:
“At the risk of oversimplifying, I would like to point out a significant finding of fact made by the deputy commissioner. The deputy found, ‘ * * * that in the process of struggling with the wrench to turn the valve, his foot slipped, throwing him into an awkward position; that he felt a sudden sharp pain in his chest, which persisted for about one hour, and subsided.’ This finding of fact, and I don’t believe it can be disputed, is a finding, in effect, that claimant suffered an accident. There is nothing in the record and there is no finding of fact by the deputy commissioner to the effect that employees performing the same type of employment and the same duties, customarily experienced falling in .an awkward position. This particular finding of fact, which is supported by competent substantial evidence, provides an exception to the general rule and concept of the so-called ‘heart cases’ for the reason that we have something happening as a direct result of an ‘accident.’ I do not believe the Supreme Court ever intended by the Victor Wine [Victor Wine & Liquor, Inc. v. Beasley, Fla., 141 So.2d 581] decision to include ‘heart cases’ in the category of being not compensable where it has been shown by competent substantial evidence the occurrence of an accident and a resulting heart condition causally related to the accident.
“This being true, we must then look to the evidence to determine whether or not the evidence supports the deputy’s finding of no causal relationship. Inasmuch as the deputy rejected the testimony of Dr. Scheffel Wright and accepted the testimony of the other medical witnesses, a perusal of their testimony is in order. These doctors, who testified regarding the causal relationship of the incident (falling in an awkward position) state that there was a causal relationship between the incident and the claimant’s coronary. Thus, the deputy erred in finding no causal relationship. Since the deputy ignored the fact that claimant had experienced an accident in conjunction with the coronary, this cause must be reversed and the cause remanded to the deputy commissioner for entry of an appropriate Order. It cannot be overemphasized that we are not dealing with the ordinary run of ‘heart cases’' in the instant cause. This incident was an accident. The evidence indicated a causal relationship between the accident and claimant’s coronary thrombosis. There is absolutely nothing in the record to support the deputy’s theory that claimant’s slipping «wf falling in an awkward position was common to his employment duties. I would also like to point out that the case of Scott v. Kerr, Fla.1963, 156 So.2d 847, appears to me to be adequate authority for reversing the deputy’s denial of the instant claim.
“This cause should be remanded to the deputy commissioner for entry of an Order awarding benefits and appor *3 tioning the benefits pursuant to Section 440.02(19), Florida Statutes.”
For the foregoing reasons, the order of the Full Commission is quashed with instructions that the cause be remanded to the deputy commissioner with directions that an appropriate award of compensation be made.
It is so ordered.
DREW, C. J., and THORNAL and ERVIN, JJ., concur.
THOMAS, O’CONNELL and CALDWELL, JJ., dissent.