JAMES LAWRENCE KING, Circuit Judge.
The Petitioner seeks review by certiorari of an order of the Florida Industrial Commission, reversing the order of the Deputy Commissioner holding the claimant entitled to workmen’s compensation benefits for injuries sustained in the course of his employment as a Florida Highway Patrolman.
On September 27, 1963, at approximately 10:30 p. m. the Petitioner Patrolman Richard Hulen Howard, while dismantling a radar machine used for the control of traffic, lifted a heavy battery and container from the ground into the trunk of a highway patrol car. The Petitioner made no complaint of the slight pain he experienced at the time and continued working until the midnight conclusion of his shift. The following morning Petitioner awoke with pain in his neck and shoulder sufficiently severe to prevent him from resuming his usual activities until 3:00 o’clock in the afternoon. The pain became so acute during the early morning hours of September 29, 1963 that the Petitioner sought treatment from his family doctor who, on the following Thursday, hospitalized him for a three week period.
The treating physician diagnosed Petitioner’s condition as probable aggravation of pre-existing cervical arthritis resulting from a traumatic injury sustained while lifting the battery. Patrolman Howard stated that he had never injured his neck or shoulder prior to September 27, 1963 and that the lifting of the battery was the only incident that could have caused the injury.
Upon the foregoing facts the Florida Industrial Commission concluded that there was no competent substantial evidence to sustain the findings of fact of the deputy commissioner holding that the Petitioner was injured in an accident while carrying *890 out his duties as a Florida Highway Patrolman.
We cannot agree with this conclusion. There is competent evidence in the record in the form of uncontradicted testimony of both Petitioner and the treating physician that Petitioner’s injuries were directly attributable to his exertion in lifting the radar battery and case. This is an “accident” within the meaning of 440.02 Florida Statutes, F.S.A., as defined in Victor Wine & Liquor, Inc. v. Beasley, Fla., 141 So.2d 581, where the court held:
“It is therefore settled beyond question in this state that an internal failure, such as a strained muscle, ruptured disc, “snapped’ knee-cap, and the like, brought about by exertion in the performance of the regular or usual duties of the employment, may be found to be an injury ‘by accident,’ without the necessity of showing that such injury was preceded by some incident, such as a slip, fall or blow.”
In Gray v. Employers Mut. Liability Insurance Co., Fla., 64 So.2d 650 the claimant received an injury to her arm as the unexpected result of attempting to lift a heavy five gallon can of waffle batter from the bottom of the refrigerator. In Charles A. Stewart Co. v. Dobson, 153 Fla. 693, 15 So. 2d 481 the petitioner suffered a back injury when attempting to pick up a field box of citrus fruit and load it on a moving truck. The injuries in both instances were held to be accidents and compensable upon the basis that, “It is the unexpected and unintentional effect of the strain or exertion that is covered by the Workmen’s Compensation Law as an injury ‘by accident,’ and a literal showing of an ‘accident’ such as a slip, fall or misstep is not a prerequisite to recovery.”
The Writ of Certiorari is issued as prayed, and the order of the Florida Industrial Commission is quashed. The cause is remanded to the Commission for further consideration consistent with this opinion, including the contention of the respondent employer relating to an apportionment o£ the award because of an alleged pre-existing disability.
THORNAL, C. J., and THOMAS, ROBERTS and DREW, JJ., concur.