DREW, Justice.
The petition for certiorari in this case controverts a compensation order entered upon remand by this Court, Fla., 174 So.2d 1, in which opinion the facts and earlier proceedings are detailed. In the current order the deputy found specifically that the industrial accident accelerated by ten years the death of claimant’s husband, who suffered pre-existing coronary disease, but concluded that full death benefits under the act, F.S. Sec. 440.16(2), F.S.A. should be paid since the period of acceleration exceeded the number of weeks’ compensation prescribed for death. The Commission remanded for redetermination of compensation by apportioning the total death benefits between the accelerating accident and the pre-existing disease which would independently have produced death in less than normal life expectancy for the decedent.
Petitioner contends that there should be no apportionment of death benefits under *2 the rationale of the Evans[1] opinion cited in the original order of remand by this Court, and, alternatively, that if apportionment is required then acceleration should be measured not in percentage but in time so that acceleration beyond the 350-week period, by which maximum death benefits are measured under the act, would be fully compensable.
The Evans case involved accidental aggravation of a pre-existing back condition or disease, and required the application of this language in Sec. 440.02(19) :
“Where a pre-existing disease or anomaly is aggravated by accident * * *, only * * * aggravation of disability reasonably attributable to the accident shall be compensable.”
The majority opinion held that this language (limiting compensation to aggravation of disability attributable to the accident) should be construed to require compensation for all disability except that which “would have existed at the time of the hearing had the accident never happened.” The reasoning of the Court (and precedent upon which it is based) is to the effect that all such disability, resulting from an accident in conjunction with preexisting disease, is in fact caused by aggravation attributable to the accident, with the exception noted.
This construction of the language of the act, in the case of aggravation or even acceleration of disability, does leave some operative effect to Sec. 440.02(19), applying the limiting language to exclude compensation to the extent that a pre-existing disease has independently produced a portion of claimant’s disability. The Evans opinion, however, acknowledges that a different construction of the statute may be required in the case of acceleration of death, and apparently conceded that under the rule applied in Evans to apportionment of disability there could never be an apportionment of death benefits because “it of course cannot be said that [pre-existing disease] would have produced a portion of claimant’s death” had the accident never happened.
We are obviously faced with the necessity (however difficult or impractical it may be) of giving some effect to the statutory provision that in case of accidental acceleration of pre-existing disease “only acceleration of death * * * attributable to the accident shall be compensable. * * *” To hold that every death resulting from accidental acceleration of pre-existing disease is fully compensable is to ignore this language, and results in confining apportionment under this section to death caused independently by the pre-existing disease. Manifestly that is not the intent of this section since (1) such a death could never in the first instance be brought within the act, (2) it would not require the application of an apportionment section, and (3), with reference to the particular terms of Sec. 440.02(19), a death caused independently by disease would not even involve the acceleration of disease by accident. The literal language of this section is a limitation on the ordinary rule under the act by which death causally related to an accident is compensable, and provides, in the case of pre-existing disease, for compensation only for acceleration rather than full death benefits.
The statute makes no distinction between active and quiescent pre-existing disease, and in view of the undisputed evidence in this case that claimant’s pre-existing disease was accelerated by a compensable heart attack which would not otherwise have caused his death, we think it is clear that the law requires that compensation be limited to the extent of acceleration. This the Commission did in this case by application of the rule stated in Hampton v. Owens-Illinois Glass Co., Fla.1962, 140 So.2d 868, 870:
“* * * In other words, in applying Section 440.02(19), when a pre-existing *3 disease combines with an industrial accident to produce death of an employee, evidence should be submitted, on the basis of reasonable medical certainty, apportioning the cause of death between the disease and the industrially related accident. Compensation shall be allowed for that portion of the cause of death attributable to the industrial accident. It shall be in the proportion which the industrial accident bears to the total allowable recovery if the death were produced entirely by an industrial accident. For example, under the existing statute, if the industrial accident is found to be 10% of the cause of death, then recovery would be allowed for 10% of 350 weeks or 35 weeks, or if, as here, the industrial accident is found to have contributed 30% to the cause of death, compensation is allowed for 30% of the statutory peri-
We find no persuasive authority or reasoning for departure from this rule by redefinition of acceleration on a basis other than that of proportionate cause outlined in the Hampton opinion. The Commission’s order is accordingly approved and the writ heretofore issued is discharged.
CALDWELL, C. J., and ROBERTS and THORNAL, JJ., concur.
ERVIN, J., dissents with opinion.
THOMAS and BARNS (Retired), JJ., dissent and concur with ERVIN, J.

. Evans v. Florida Industrial Commission, Fla.1967, 196 So.2d 748.