[S. F. No. 15497. In Bank.—November 22, 1935.]

LENA TANENBAUM, Petitioner, v. INDUSTRIAL ACCIDENT COMMISSION et al., Respondents.

George C. Faulkner, Sidney Rhein and Faulkner, Doyle & Sanford for Petitioner.

Everett A: Corten and Emmet J. Seawell for Respondents.

WASTE, C. J.—Review to annul an award of the Industrial Accident Commission.

The petitioning employee, a woman fifty-four years of age, was injured in the course and scope of her employment as a grocery clerk when, upon being accidentally run against by another employee, she was precipitated backward, striking the tip of her right shoulder against the corner of a fruit-stand. That the injury arose out of the employment is not questioned. Following hearings upon the application for adjustment of claim, the commission determined that petitioner was entitled to a permanent disability rating of 32¾ per cent. Subsequently, and upon petition of the employer's insurance carrier, the commission found that "said permanent disability was partly caused by preexisting dormant disease and partly by said injury" and apportioned the same on the basis of 33⅓ per cent to preexisting disease (arthritis) and 66⅔ per cent to the industrial injury. Section 3 (4) of the Workmen's Compensation Act authorizes such apportionment. It provides that "the term 'injury', as used in this act, shall include any injury or disease arising out of the employment including injuries to artificial members. In case of aggravation of any disease existing prior to such injury, compensation shall be allowed only for such proportion of the

disability due to the aggravation of such prior disease as may reasonably be attributed to the injury.''

We shall not attempt to detail the contents of the several medical reports filed with the commission. Substantially all of them recognize the presence of a preexisting, though latent, arthritic tendency in petitioner's system. Petitioner testified that prior to the injury she had never suffered from arthritis, rheumatism or other joint or muscular ailments.

It is the petitioner's contention that the amended findings and award are without justification or support and that the entire disability, as originally determined, should be charged to the injury. In short, it is urged that there can be no apportionment of liability except where the preexisting disease is both active and disabling.

In support of her theory that there can be no apportionment of disability in the present case because of the dormant character of the preexisting disease, the petitioner refers us to such cases as *Thoreau* v. *Industrial Acc. Com.*, 120 Cal. App. 67, 70 [7 Pac. (2d) 767], and *State Comp. Ins. Fund* v. *Smith*, 9 I. A. C. Rep. 206, 207, wherein apportionment is held to be proper when there has been an aggravation or acceleration of an *active* and *progressive* preexisting disease.

█ It is now definitely settled that the acceleration, aggravation or ''lighting up'' of a preexisting disease is an injury in the occupation causing the same. (*Eastman* v. *Industrial Acc. Com.*, 186 Cal. 587, 594 [200 Pac. 17] ; *Mullane* v. *Industrial Acc. Com.*, 118 Cal. App. 283, 287 [5 Pac. (2d) 483] ; *Georgia Cas. Co.* v. *Industrial Acc. Com.*, 17 I. A. C. Rep. 139.) The underlying theory is that the employer takes the employee subject to his condition when he enters the employment, and that therefore compensation is not to be denied merely because the workman's physical condition was such as to cause him to suffer a disability from an injury which ordinarily, given a stronger and healthier constitution, would have caused little or no inconvenience. In such cases full compensation for the entire disability suffered is recoverable although the physical condition of the employee contributed to and increased the disability caused by the injury or prolonged and interfered with healing and recovery. In other words, there is no authority for prorating the extent of the disability due to the accident itself on the one hand and that

due to the aggravation caused by the employee's physical condition on the other. (*Hendrickson* v. *Industrial Acc. Com.*, 215 Cal. 82, 86 [8 Pac. (2d) 833].)

We find nothing in the above authorities, or in others that have come to our attention, that in any way militates against the apportionment made in the present case. As we read the record in this proceeding, the petitioner is now suffering from a disability made up in part of an industrial disability growing out of the injury, including the aggravation or "lighting up" of the preexisting dormant arthritic condition, and, in part, though in a lesser degree, of what may be termed a nonindustrial disability resulting from the normal progress of the preexisting arthritis. Obviously, the latter disability is not attributable to industry and should not be saddled thereon. It is this latter or nonindustrial disability, resulting from the natural and normal progress of the preexisting condition, that underlies the finding that petitioner's permanent disability is "partly caused by preexisting dormant disease and partly by said injury" and requires the apportionment here made. Such apportionment finds ample support in at least one of the medical reports filed with the commission wherein it is declared, in part, that "all direct effects of the injury should have passed away in a month or two, and if effects of the injury persist after a year and a half, it could partly be from an acceleration of her preexisting disease caused by the injury. I would feel that it would be fair to consider that *half of her disability at the present time is due to the acceleration of her arthritis from the injury and the balance is due to the natural progress of a preexisting arthritis in a person of her age.*"

A second medical report is to the effect that in a woman of petitioner's age "arthritis is a factor and could be expected to limit her ability to do work involving much lifting above the level of her shoulders, even if she had not sustained an injury".

It is apparent that the apportionment here made is even more favorable to petitioner than is warranted by the medical report first above quoted. However, it is settled that the determination of the percentage of disability is a matter left to the sound discretion of the commission. (*Hines* v. *Industrial Acc. Com.*, 215 Cal. 177, 188 [8 Pac. (2d) 1021];

*Frankfort Gen. Ins. Co.* v. *Pillsbury,* 173 Cal. 56 [159 Pac. 150].)

The award is affirmed.

Curtis, J., Conrey, J., Langdon, J., Shenk, J., and Thompson, J., concurred.