164 So.2d 803 (1964)
SHORES DEVELOPMENT, INC., Petitioner,
v.
Carliss CARVER and the Florida Industrial Commission, Respondents.
No. 32645.
Supreme Court of Florida.
January 22, 1964.
Rehearing Denied March 2, 1964.
Lally, Miller & Hodges, Miami, for petitioner.
Donald Feldman, Coral Gables, and Kaplan, Ser & Abrams, Miami, for Carliss Garver, Paul E. Speh and Patrick H. Mears, Tallahassee, for Florida Industrial Commission, respondents.
CALDWELL, Justice.
Claimant, a forty-year old carpenter, stepped off a three foot scaffold landing with his weight on his right foot. At the time of the incident, claimant was suffering from a progressive bone disease known as *804 aseptic or avascular necrosis in the head of the right femur. X-rays of claimant's hip, taken two days after the accident, showed fracture lines in the diseased femur. At the hearing, the uncontroverted medical testimony was that aseptic necrosis weakens the bone making it susceptible to fractures; that, where the femural head is affected, normal walking and weight bearing will eventually result in fractures in the necrotic area; that an accident such as that related by claimant probably did accelerate the progress of the disease to some degree. There was conflicting medical testimony on whether the fracture pre-existed the accident.
The Deputy found that claimant sustained a compensable injury by accident which aggravated the pre-existing aseptic necrosis and stated:
"* * * Since treatment rendered to the claimant for the fractured hip could not be administered without treatment to this pre-existing condition of avascular necrosis, there need be no concern about pro-rating the cost of medical care or determining to what extent the pre-existing condition was aggravated by this accident. I find that the claimant is temporarily totally disabled and is in need of further medical care. I find that such medical care and such temporary total disability was directly related to the industrial accident. It should be clear that there is no determination here made as to what percentage of permanent disability if any is attributable to the pre-existing condition * * *."
The Full Commission in affirming the Deputy's order stated:
"[W]e do wish to comment that in construing the Order of the deputy commissioner, we deem it not to cover treatment and/or payment of compensation for the pre-existing disease, but merely for the `injury'; that is, the fracture as a result of the accident and the aggravation or acceleration of the pre-existing aseptic necrosis." (Emphasis theirs)
Petitioner for writ of certiorari has presented two questions for this Court's consideration.
First, petitioner contends that the order of the Deputy is not supported by competent substantial evidence in accord with logic and reason. Specifically, petitioner asserts the findings that an accident occurred and that it resulted in a hip fracture are unsupported. The conflicting evidence on these points does present a close question. However, we cannot say from our vantage point that the Deputy erred in resolving these conflicts in favor of the claimant.
Petitioner's second contention is that the Deputy erred in failing to determine the degree of aggravation or acceleration of the pre-existing disease as required by F.S. § 440.02(19), F.S.A.
The pertinent portion of F.S. § 440.02 (19), F.S.A. provides as follows:
"Where a preexisting disease is accelerated or aggravated by an accident arising out of and in the course of the employment, only acceleration of death or the acceleration or aggravation of disability reasonably attributable to the accident shall be compensable."
On the record it is clear that claimant's pre-existing disease is largely responsible for his present condition; that the work-connected accident was no more than the proverbial straw that broke the camel's back. See Le Forgeais v. Erwin-Newman Co., 139 So.2d 401 (Fla. 1962). The Deputy erred in failing to determine the degree of aggravation and acceleration and the Full Commission erred when it upheld the Deputy's order by construing it not to include any award based on the pre-existing disease. Degree of acceleration or aggravation is a fact to be found and stated by the Deputy and reviewed by the Commission *805 to determine the correctness of the Deputy's conclusions.
The Deputy in refusing to determine the degree of acceleration or aggravation in the instant case was laboring under two misconceptions of the law. First, he apparently considered that since the claimant was working despite his diseased hip up to the time of the accidental injury, the injury was alone responsible for his disability. This contention was rejected by the Court in Henderson v. Sol Walker and Company, 138 So.2d 323 (Fla. 1962); and Murray v. City of St. Petersburg, 138 So.2d 319 (Fla. 1962). Second, the Deputy stated that since both the pre-existing and the accident-caused conditions must of necessity be treated together, no pro-rationing of expense would be made. But, since the same reasoning would apply in any case of aggravation or acceleration, refusal to apportion under such circumstance defeats the statute. This Court has recognized the difficulties encountered in arriving at the degree of acceleration or aggravation, Hampton v. Owens-Illinois Glass Co., 140 So.2d 868 (Fla. 1962), but has nonetheless consistently upheld the statutory requirement.
Respondent contends that the Legislature, in enacting F.S. § 440.02(19), F.S.A., never intended that awards for temporary disability and medical benefits would be apportioned. No authority is cited and none has been found supporting this contention. The statute itself provides no basis for the distinction respondent would have us make.
The order of the Full Commission is reversed in part with directions that the cause be remanded to the Deputy for further proceedings not inconsistent with this opinion.
DREW, C.J., and THOMAS, ROBERTS and THORNAL, JJ., concur.
ROBERTS, Justice, did not hear argument but participated in conference and study of record.