196 So.2d 748 (1967)
Willie J. EVANS, Petitioner,
v.
FLORIDA INDUSTRIAL COMMISSION, Davis Grove Service and Southern Farm Bureau Casualty Insurance Company, Respondents.
No. 34535.
Supreme Court of Florida.
February 1, 1967.
On Rehearing March 22, 1967.
*749 Edward H. Hurt and Monroe E. McDonald of Sanders, McEwan, Schwarz & Mims, Orlando, for petitioner.
Charles M. McCarty, Orlando, Patrick H. Mears, Tallahassee, and J. Franklin Garner, Lakeland, for respondents.
O'CONNELL, Justice.
We have for review an order of the Florida Industrial Commission reversing and remanding for further proceedings a compensation order awarding permanent total disability benefits, costs, and attorney's fees.
In April, 1961, petitioner, then a forty-six year old illiterate grove worker, injured his back while in the course of his employment with the respondent. After conservative treatment, he was discharged to return to work with no residual disability. About one year later, on June 2, 1962, while in the same employment, petitioner reinjured his back in a compensable accident. After treatment, including surgery, it was determined that he had reached maximum medical improvement with a permanent disability rating of 25 percent of the body as a whole. A claim was filed within the limitation period of both accidents.
At the hearing, the attending doctor testified that claimant was anatomically aged, meaning that he was physically older than his chronological age, and that this degenerative condition had pre-existed both accidents and made claimant more susceptible to back injury.
The deputy found, on the basis of such variables as the claimant's physical condition, work history, education, attitude, and ability to obtain the kind of work that he was able to do, that claimant was totally and permanently disabled and awarded benefits accordingly. He further found that *750 certain medical reports, submitted at the time of the first accident and thereafter, constituted notice to the employer of claimant's pre-existing condition. He therefore held that under the rule of Dorsey v. L & A Contracting Co., Fla. 1963, 155 So.2d 357, there should be no apportionment of the benefits under Sec. 440.02(19).
The full commission reversed, holding (1) that there was not competent substantial evidence to support the deputy's finding of total permanent disability; (2) that Sec. 440.02(19) required apportionment of the benefits under the authority of Victor Wine & Liquor, Inc. v. Beasley, infra; and (3) that there was not competent substantial evidence to support the deputy's finding that the employer had knowledge of any pre-existing condition. Petitioner challenges only the first two of these holdings.
In holding that there was not sufficient competent substantial evidence to support the finding of permanent total disability, the commission simply substituted its view of the evidence for that of the deputy. The record does support a finding that this illiterate claimant was unable to perform the physical activity required in the only kind of work he is qualified to do.
In its order of reversal, the commission stated, "It is clear an award should be apportioned where there is a pre-existing condition." It then recited that the evidence showed that claimant had a pre-existing diseased condition and that the accidents involved only accelerated or aggravated the pre-existing condition. On this basis the commission held that an apportionment should be made under the provisions of Sec. 440.02(19).
At the time of petitioner's accidents, Sec. 440.02(19) read as follows:
"(19) `Accident' shall mean only an unexpected or unusual event or result, happening suddenly. A mental or nervous injury due to fright or excitement only or disability or death due to the accidental acceleration or aggravation of a venereal disease or of a disease due to the habitual use of alcohol or narcotic drugs, shall be deemed not to be an injury by accident arising out of the employment. Where a pre-existing disease or anomaly is accelerated or aggravated by accident arising out of and in the course of the employment, only acceleration of death or the acceleration or aggravation of disability reasonably attributable to the accident shall be compensable."
We note here that the section was amended by the 1965 Legislature, but not in any way material to this discussion. Therefore, to the extent applicable this opinion will also apply to the statute as it now exists.
A number of the more recent decisions of this court support the holding of the commission that an award should be apportioned when there is a pre-existing diseased condition. United Electric Co. v. Myers, Fla. 1961, 134 So.2d 7; Jacquette Motor Co. v. Talley, Fla. 1961, 134 So.2d 238; Victor Wine & Liquor, Inc. v. Beasley, Fla. 1961, 141 So.2d 581; Henderson v. Sol Walker & Co., Fla. 1962, 138 So.2d 323; Le Forgeais v. Erwin-Newman Co., Fla. 1962, 139 So.2d 401; Hampton v. Owens-Illinois Glass Co., Fla. 1962, 140 So.2d 868; Wilkes v. Oscar's Transfer & Storage, Fla. 1964, 164 So.2d 810; and Shores Development, Inc. v. Carver, Fla. 1964, 164 So.2d 803. The holdings in two earlier decisions also appear to support the commission's conclusion. Padrick Chevrolet Co. v. Crosby, Fla. 1964, 75 So.2d 762 and Czepial v. Krohne Roofing Co., Fla. 1957, 93 So.2d 84.
However, there are many earlier decisions of this court which hold or contain statements to the effect that a pre-existing diseased condition does not necessarily require apportionment. Allen v. Maxwell Co., 1943, 152 Fla. 340, 11 So.2d 572; Protectu Awning Shutter Co. v. Cline, 1944, 154 Fla. 30, 16 So.2d 342; Davis v. *751 Artley Const. Co., 1944, 154 Fla. 481, 18 So.2d 255; Cleary Bros. Const. Co. v. Nobles, 1945, 156 Fla. 408, 23 So.2d 525; Borden's Dairy v. Zanders, Fla. 1949, 42 So.2d 539; Andrews v. C.B.S. Division, Maule Industries, Fla. 1960, 118 So.2d 206; Standard Oil Co. v. Gay, Fla. 1960, 118 So.2d 212.
The broad difference between our earlier and later opinions involving apportionment under Sec. 440.02(19), as well as the interpretation given the section by the commission in this case, has convinced us that we should re-examine the statute and its application.
Section 440.02(19), as well as the other apportionment provisions, Sec. 440.15 (5) (c), is a limitation on the operation of the universally accepted maxim that the employer takes the employee as he finds him. In our earlier opinions we have adopted and relied on that maxim and have never expressly repudiated it. In particular see Allen v. Maxwell Co., supra, and Davis v. Artley Const. Co., supra. Since this maxim is a part of the basic philosophy of our workmen's compensation act, it follows that the apportionment provisions should be construed so as to minimize their inconsistency with it.
The obvious purpose of the apportionment provision of Sec. 440.02(19) is to relieve the employer of the obligation for that portion of his disability which is not the result of an industrial accident, but which is in some way attributable to a pre-existing disease or condition. As indicated by the difference in our earlier and more recent decisions, there is considerable confusion as to just what it is that should be apportioned out of an award in such a case. We shall attempt to resolve this confusion in this opinion.
It is worth noting initially that in most states "no attempt is made to weigh the relative contribution of the accident and the pre-existing condition to the final disability." Larson's Workmen's Compensation Law, p. 56. Larson lists only California, Kentucky, Mississippi and North Dakota as having comparable statutory provisions.
Specifically, we are concerned here with the sentence in Sec. 440.02(19) F.S. 1961, F.S.A. which reads "Where a pre-existing disease is accelerated or aggravated by accident arising out of and in the course of employment, only acceleration of death or the acceleration or aggravation of disability reasonably attributable to the accident shall be compensable." Moreover, we are concerned with the application of this provision to an award of disability benefits, not of death benefits.
After thorough study of the statute and all prior cases turning on its application, we are now convinced that the subject provision requires that there be apportioned out of an award in such a case only that portion of the disability which resulted from the normal progress of the pre-existing disease as of the time the award is made. Conversely, it requires that all the resulting disability that is not attributable to the normal progress of a pre-existing disease should be compensated.
The case of Tannenbaum v. Industrial Acc. Comm., 1935, 4 Cal.2d 615, 52 P.2d 215, a much-cited California case, illustrates well the effect which we think the legislature intended and that which logic requires be given to that part of the statute involved here. Although the California statute construed in Tannenbaum was worded differently than ours it was obviously intended to accomplish the same purpose.
In Tannenbaum, the claimant was found to have a permanent partial disability of 32 3/4% due to a shoulder injury. Then, on motion of the carrier the commission found the disability was due in part to the injury and in part to the normal progress of a pre-existing arthritic condition. *752 In approving the apportionment the Supreme Court of California said:
"It is now definitely settled that the acceleration, aggravation, or `lighting up' of a pre-existing disease is an injury in the occupation causing the same. * * * The underlying theory is that the employer takes the employee subject to his condition when he enters the employment, and that therefore compensation is not to be denied merely because the workman's physical condition was such as to cause him to suffer a disability from an injury which ordinarily, given a stronger and healthier constitution, would have caused little or no inconvenience. In such cases full compensation for the entire disability suffered is recoverable although the physical condition of the employee contributed to and increased the disability caused by the injury or prolonged and interfered with healing and recovery. In other words, there is no authority for prorating the extent of the disability due to the accident itself on the one hand and that due to the aggravation caused by the employee's physical condition on the other. * * *
"We find nothing in the above authorities, or in others that have come to our attention, that in any way militates against the apportionment made in the present case. As we read the record in this proceeding, the petitioner is now suffering from a disability made up in part of an industrial disability growing out of the injury, including the aggravation or `lighting up' of the pre-existing dormant arthritic condition, and, in part, though in a lesser degree, of what may be termed a nonindustrial disability resulting from the normal progress of the pre-existing arthritis. Obviously, the latter disability is not attributable to industry and should not be saddled thereon. It is this latter or nonindustrial disability, resulting from the natural and normal progress of the pre-existing condition, that underlies the finding that petitioner's permanent disability is `partly caused by pre-existing dormant disease and partly by said injury' and requires the apportionment here made. Such apportionment finds ample support in at least one of the medical reports filed with the commission * * *."
This language is unambiguous. It means that in cases in which a pre-existing disease is aggravated by industrial injury, the resulting disability, determined as of the time of the award, is to be considered as falling into three categories: (1) that which resulted directly and solely from the accident and which would have occurred even in the absence of the pre-existing disease; (2) that which resulted from the acceleration or aggravation of the pre-existing disease by the accident; and (3) that which resulted from the normal progress of the disease and would have existed had the accident never occurred. Disability falling within the first two categories is compensable under the terms of the statute. It is the purpose of Sec. 440.02(19) to relieve the employer of disability within the third category by apportioning it out of an award. We so hold.
Although it does not appear that the results reached were inconsistent with our holding herein, some of our earlier opinions apparently ignored Sec. 440.02(19) entirely and gave full effect to the maxim that the employer takes the employee as he finds him. Davis v. Artley Const. Co., supra. Our later opinions, particularly those rendered after United Electric Co. v. Myers, supra, went too far the other way, in holding that apportionment should be made whenever pre-existing disease is aggravated by accident, with resulting disability. As stated above, apportionment is proper only when and to the extent that the pre-existing disease either, (1) was disabling at the time of the accident and continued to be so at the time the award is made or (2) was producing no disability at the time of the accident but through *753 its normal progress is doing so at the time permanent disability is determined and an award is made.
This, it seems to us, is the only logical and fair interpretation which can be given the statute. It recognizes the maxim that the employer takes the employee as he finds him, in that it does not charge against the employee diseased or weakened conditions which were not and would not have been disabling without the accident. On the other hand, it gives the intended effect to Sec. 440.02(19) by relieving the employer of the burden of paying for disability which occurred through the normal progress of the disease and was unrelated to the accident. When disability which is attributable to the normal progress of a pre-existing disease is deducted from the total disability found to exist, the remainder is logically and reasonably attributable to the accidental injury, either as a direct result thereof or as a result of the acceleration or aggravation of the pre-existing condition.
In retrospect, we believe we now understand how we made the statements, beginning with Padrick Chevrolet Co., that apportionment should be made whenever an injury aggravated a pre-existing disease with resulting disability. It is apparent that in each of those opinions we were pre-occupied with finding a causal relationship between the pre-existing disease and the resulting disability. This concern was a proper first step, for if the pre-existing disease were not a cause of the disability in the medical sense, the apportionment section would not be applicable.
But the determination of causal relationship is not in itself enough to require apportionment. In every such case the disability resulting from aggravation of a pre-existing disease is produced or caused, in the medical sense at least, by the ravages of the disease. What we failed to realize and explain in our more recent opinions is that the disabling state or effect of the disease at the time of the award may be caused by one or both of two factors. One is aggravation caused by the injury, the effect of which is compensable. The other is the natural progress of the disease, the effect of which is not compensable and is to be apportioned out of the award. The statute provides that only the acceleration or aggravation of disability attributable to the accident shall be compensable. When disability due to the natural progress of a disease is removed, all that remains must be due to acceleration or aggravation of the disease. This statement assumes, of course, that disability caused by the accident independently of the disease is compensated under other applicable provisions of the act.
For the foregoing reasons we hereby modify all our previous opinions on the same subject to the extent that they are inconsistent with this one.
We point out again that the provision of the statute dealing with acceleration of death due to accident operating on a pre-existing disease is not before us. We warn that despite our having previously treated apportionment in death and disability cases under the same rule, as we did in United Electric Co., supra, there is such a difference between death and disability that further study might require a different construction of the statute in death cases. For example, while it can be said that a pre-existing disease would have produced a portion of claimant's disability regardless of the accident, it of course cannot be said that it would have produced a portion of claimant's death.
We turn finally to the merits of this cause. The pre-existing diseased condition of claimant's back was not producing any disability at the time of either of the two accidents he suffered. Nor does the record show that the normal progress of the disease produced any portion of the disability found to exist, independently of the accident. It follows, therefore, that the statute does not require any apportionment *754 of disability to the pre-existing condition.
The effect of this opinion is simply to hold that apportionment under Sec. 440.02 (19) is proper only when and to the extent that a pre-existing disease produces disability independently of the accelerating or aggravating effect of an industrial accident. In the future, in determining whether and to what extent apportionment should be made it will be necessary to determine the degree or extent of disability falling within the three categories stated earlier herein and to apportion out of an award only that portion of the disability attributable in fact to the normal progress of the pre-existing disease which would have occurred had the aggravating accident never occurred.
For the foregoing reasons the petition is granted, the order of the full commission is quashed, and the cause is remanded with instructions to reinstate the order of the deputy.
It is so ordered.
THORNAL, C.J., ERVIN, J., and MASON, Circuit Judge, concur.
THOMAS, ROBERTS and CALDWELL, JJ., dissent.

ON PETITION FOR REHEARING.
In our opinion filed in this cause on February 1, 1967 we described three categories of disability which might exist in a claim involving a pre-existing disease aggravated by industrial injury. The disability falling into the first two of those categories we held to be compensable. That in the third grouping, disability resulting from the normal progress of the disease which would have existed had the injury never occurred, we said is not to be charged against the employer and should be apportioned out of the award.
In its petition for rehearing the respondents point out that this cause was necessarily tried on a different theory than that outlined in our opinion. The point is well taken. As noted in our first opinion the record would not support apportionment of any part of the claimant's disability because none was shown to be due to the normal progress of the pre-existing disease. However, under decisions applicable at the time of the hearing on the claim, the isolation of the disability so caused was not specifically required. In fairness, the employer ought to have the opportunity, if it can, to produce evidence showing that a part of claimant's disability is due to the normal progress of the pre-existing disease and would have existed at the time of the hearing had the accident never happened.
Therefore, the petition for rehearing is granted, and our earlier opinion is modified to the extent that the cause should be remanded to the deputy for further proceedings necessary to enable him to determine if any part of the claimant's disability should be apportioned out of the award.
It is so ordered.
THORNAL, C.J., THOMAS, ROBERTS, CALDWELL and ERVIN, JJ., and MASON, Circuit Judge, concur.