THORNAL, Justice.
We have for review an order of the Florida Industrial Commission which reversed a workmen’s compensation order entered by a deputy commissioner.
We must again decide whether a compensation award should be apportioned.
Petitioner, Robinette, a 49 year old laborer with a sixth grade education, suffered a compensable injury while in the employ of respondent, Jahna, on July 29, 1963. He was hospitalized for three weeks and did not return to work for two months. While on the job, he reinjured his back on April 20, 1964. It was then determined that he had three ruptured discs. Surgery was considered inadvisable. A claim for compensation benefits was filed. After a hearing was held on December 7, 1965, the Deputy Commissioner found that claimant was totally and permanently disabled. He found that, following the first accident claimant suffered a physical impairment which was known to the employer and that this condition merged with the subsequent disability from the second accident to produce total disability. An examining physician reported that claimant *105 had suffered a multiple level discogenic disease which came on while performing work which he had previously performed many times without difficulty. He stated that although the claimant “has never had previous difficulty with his back” it was simply “a matter of what particular incident would initiate his clinical syndrome”. He then found that the initiating factors were the two work-connected injuries. The Deputy, therefore, found that the back condition was asymptomatic prior to the first accident and that the ensuing disability was attributable to the back strain and was not significantly necessitated by the pre-existing condition. As previously stated, he then found a merger of the physical impairment resulting from the first and second injuries. He found that there was no basis for “apportioning out” any aspect of the pre-existing discogenic disease because it was asymptomatic and no disability had resulted therefrom until after the industrial injuries. The deputy awarded permanent and total disability benefits and a fee to claimant’s attorney. The Full Commission reversed with directions to determine the degree of disability due to the pre-existing disease and to apportion that out of the award and then fix compensation on the basis of the extent of diminution of claimant’s wage-earning capacity. This order is now here for review.
It should be recalled that the Deputy found that the discogenic condition was asymptomatic prior to the accidents. He found that it did not interfere with claimant’s work in any respect. There was abundant evidentiary support for this finding. We are thereby led to our opinion in Evans v. Florida Industrial Commission, 196 So.2d 748 (Fla.1967), which requires a reversal of the order of the Full Commission.
In Evans we held that Fla.Stat. § 440.02 (19), F.S.A. requires apportionment when and to the extent that a “pre-existing disease either, (1) was disabling at the time of the accident and continued to be so at the time the award is made or, (2) was producing no disability at the time of the accident but through its normal progress is doing so at the time permanent disability is determined and an award is made.” Evans, supra, at 752-753.
Here, with support in the record, the deputy found against the existence of either of the two last-described conditions. There is no evidence that the pre-existing condition was to any extent disabling prior to the first accident. Likewise, there is a total lack of evidence that the normal progress of the disease would of itself, have produced any disability by the time the award was made. Instead, the testimony showed that the disease was a latent condition which would not have resulted in disability unless precipitated by some type of injury. In fact, a discogenic disorder is defined as one “caused by displacement of an intervertebral disk”. Stedman’s Medical Dictionary, Second Lawyer’s Edition. It is otherwise described as a condition “caused by derangement of an intervertebral disk”. Dorland Medical Dictionary, 24th edition. The combined industrial accidents, therefore, produced the ultimate disability which would not have otherwise resulted. The latent condition, totally asymptomatic at the time of the first accident, clearly had produced no aspect of the disability which could be apportioned out of the award. Evans v. Florida Industrial Commission, supfa. The Deputy Commissioner therefore ruled correctly, and he should not have been reversed.
The parties stipulated that the amount of attorney fees could be set by the Deputy without benefit of testimony. We find no basis to alter this aspect of the award.
The order of the Full Commission is quashed and the matter is remanded with directions to re-instate the order of the Deputy Commissioner.
It is so ordered.
CALDWELL, C. J., and DREW, ERVIN and ADAMS, JJ., concur.