DEKLE, Justice
(dissenting).
The Judge of Industrial Claims made specific findings: (1) that claimant was totally disabled during a limited period of recovery from compression fractures of the thoracic vertebra in a lifting accident during her employment, and (2) that after maximum improvement from the compression fractures themselves on April 18, 1969, she continued to suffer “persistent and continuous pain in varying degrees of intensity in and about her thoracic spine”, due to resulting osteoporosis in the thoracic spine, and “was unable to engage in any form of prolonged physical activity” because of such persistent and continuous pain in the area, which condition she was still suffering on the date of hearing on September 8, 1969, when she “was unable to engage in any form of prolonged physical activity” on this account.
The Judge of Industrial Claims then proceeded to award her 10% permanent partial for the compression fractures and so labeled it but did not make any award or further comment with regard to the find *240 ing of the second disability described in his order, which was in effect an aggravation of a prior existing condition and required disposition.[1]
The further finding that this disability resulted in a diminution of her wage earning capacity brought it squarely within Fla.Stat. § 440.15(3) (u), F.S.A., which sets out both this basis and the “physical impairment” which was also found, as constituting compensable “disability.” In other words, the order says she is “disabled” beyond the immediate fractures and then makes no award for the disability.
Medical testimony stated that 45% of her total disability was attributable to this aggravation and the remaining 45% to her general condition of health predating the accident. While it was not necessary, of course, for the trial judge to allow the 45% further disability entirely, it was incumbent upon the judge to make some order on it, one way or the other, after he had made, the express finding of a further and separate disability.[2]
The 10% finding may well be said to be based on competent, substantial evidence but this cannot be true where there is a lack of any finding at all on the further aggravation specifically found to exist and to cause permanent disability. The cause should therefore be returned to the able trial judge for his decision in this respect which, of course, would thereafter be subject to review.
There can be no doubt as to the judge’s order being limited to the compression fractures alone when his language was:
“* * * said compensation benefits being due the Employee for the 10% permanent partial disability that the Employee has sustained as a result of the compression fractiires here involved.’’ (Emphasis added.)
I would grant certiorari and remand to the trial judge accordingly.
ROBERTS, C. J„ and ERVIN, J., concur.

. Evans v. Florida Industrial Commission, 196 So.2d 748 (Fla.1967).

. Id.