PER CURIAM.
Because there is competent, substantial evidence in the record to support the judge’s findings, we affirm the order as to all four points raised. In so doing, we consider the facts in Luttrell v. Roger Holler Chevrolet, 625 So.2d 921 (Fla. 1st DCA 1993), distinguishable from those at bar.
Unlike Luttrell, the judge of compensation claims below had before him medical evidence disclosing that the abnormal findings on the CT scan were attributable to claimant’s preexisting back condition; that his *1062 preexisting back condition could have become symptomatic even without the temporary aggravation caused by the industrial accident; and that claimant had no permanent impairment as a result of the industrial accident. Additionally, there was evidence disclosing that claimant had accommodated his preexisting back condition at work prior to the industrial accident.
In Luttrell, we quoted with approval the causation principles applicable to a determination of whether a compensation award should be subject to apportionment, one of which is that if a preexisting condition causes disability as a result of the normal progression of a prior condition and would exist even in the absence of the accident, apportionment would be proper. In applying the same rules to a successive-injury case, we commented that, under circumstances similar to those at bar, competent, substantial evidence might support a determination that a claimant had suffered only a temporary exacerbation, rather than an aggravation of the condition. Id. at 924-25 (citing Evans v. Florida Indus. Comm’n, 196 So.2d 748, 752 (Fla.1967)).
Given these distinguishing facts, Luttrell does not compel reversal.
AFFIRMED.
ERVIN, JOANOS and MINER, JJ., concur.