PER CURIAM.
In this workers’ compensation case, the judge of compensation claims (JCC) awarded appellant Delbert Cummins permanent total disability benefits but apportioned out 75 percent of the award based upon Cummins’ preexisting psyehopathological disability. Under the facts of this case, the judge did not err in deciding that apportionment was appropriate. Evans v. Florida Indus. Comm’n, 196 So.2d 748 (Fla.1967). We must nevertheless reverse because the JCC erred in determining the amount of apportionment.
Claimant’s disability is made up of both psychiatric and physical components. The JCC found that claimant had a five percent permanent partial impairment to the body as a whole from his orthopedic condition, and an eight percent permánent partial impairment to the body as a whole from his neurological impairments. Neither of these conditions were preexisting. As to claimant’s psychiatric condition, the JCC found an overall permanent partial impairment of ten percent based upon the American Medical Association Guidelines. Dr. Guidera, the psychiatrist whose testimony was accepted by the JCC, believed that 60 percent of claimant’s psychiatric problems were related to the industrial accidents, and some 40 percent were due to a preexisting schizoid personality type. Dr. Michael Gutman, the psychiatrist who performed the independent medical evaluation, opined that claimant’s psychiatric condition was unrelated to his industrial accidents. The JCC found neither of these positions is “totally correct” and determined that E/C should be responsible for payment of only 25% of the permanent total disability benefits. Although we commend the JCC for his effort in attempting to follow Evans by determining an apportionment, we are unable to identify record support for the percentages of apportionment utilized. Accordingly, the ease must be remanded for further proceedings in order to allow a result that is fair to both the claimant and the employer. We find no error as to the points raised on cross-appeal.
AFFIRMED in part, VACATED in part, REMANDED for further proceedings.
BARFIELD, C.J., and KAHN and DAVIS, JJ., concur.