ON REHEARING GRANTED
DREW, Justice.
The original petition and cross-petition for certiorari in this case were directed to an order of the Commission affirming an award for total disability apportioned sixty percent to a pre-existing aneurysm. Petition for rehearing by cross-petitioner has been granted on the issue of apportionment.
*194 On reconsideration we adhere to our determination that the petition presents no merit and should be denied, but conclude that the cross-petition must be granted and the order corrected insofar as it finds claimant’s disability attributable in part to a preexisting condition. Recitation of medical testimony on the point would serve no purpose in view of the fact that the record evidence is conclusive and uncontroverted to the effect that claimant’s aneurysm was not independently' producing any disability (but was in fact unknown) at the time of its apparent rupture in the course of strenuous work activity, or at the time of the award. Apportionment is therefore clearly improper under the construction of F.S. Sec. 440.02(19), F.S.A., in Evans v. Florida Industrial Commission.[1]
The order awarding benefits in this case accepts the testimony of physicians who acknowledged that a cerebral aneurysm may spontaneously rupture but were unable to make any statement whatever as to the reasonable medical probability of such in the present case. The finding of causal realtionship between claimant’s employment and his internal accident is sustained by the record. In this situation, the fact that no rupture would have occurred without the aneurysm, a pre-existing non-disabling congenital weakness, is wholly irrelevant to the determination of compensa-bility and provides no basis for apportionment under our law.
The order of this Court denying petition and cross-petition herein is accordingly amended to grant the cross-petition. The Commission’s order of affirmance is quashed, and the cause remanded for disposition in accordance with this opinion.
THORNAL, ERVIN and ADAMS (Retired, JJ., and SPECTOR, District Judge, concur.
CALDWELL, C. J., and ROBERTS, J., dissent.

. Fla., 196 So.2d 748. See also Robinette v. E. R. Jahna Industries, Inc., Fla.1968, 208 So.2d 104.