[Civ. No. 11928.   Third Dist.   Nov. 8, 1968.]

PERCY JONES, Petitioner, v. WORKMEN'S COMPEN-
SATION APPEALS BOARD and STATE COMPEN-
SATION INSURANCE FUND, Respondents.

Edward J. Farrell for Petitioner.

Everett A. Corten, Richard Swanson and G. K. Bogue for
Respondents.

BRAY, J.*—Petition for writ of review of opinion and decision after reconsideration of respondent Workmen's Compensation Appeals Board determining that petitioner's industrial injury caused no permanent disability.

## QUESTION PRESENTED

Was there substantial evidence in the record that petitioner had suffered a prior permanent disability?

## RECORD

On February 10, 1962, while employed by the City of Sacramento as a street cleaner, petitioner suffered an industrial back injury. Petitioner filed an application for compensation to determine liability for permanent disability, etc. Medical reports were submitted, a hearing had, petitioner's testimony given and judicial notice taken of the files in two applications for prior industrial injuries.

The referee concluded that petitioner had suffered in the 1962 injury a permanent low back disability which precluded him from heavy work. He found a 39½ percent disability, apportioned one-half to a preexisting condition and one-half to the present injury. An award was made accordingly. Upon defendant's petition for reconsideration respondent appeals board entered its opinion and decision after reconsideration in which it rescinded the prior findings and award and found that the 1962 industrial injury had caused temporary total disability to May 6, 1962, for which petitioner had been fully compensated, and that "it has not been established by a preponderance of the evidence that the injury herein *caused any additional permanent disability*." (Italics added.)

The difficulty with this ruling is that it presumes the existence of a previous permanent disability. At no time prior to the 1962 injury had it been determined that petitioner was suffering from any permanent disability.

Thus, if, as it appears, the board considered that petitioner now has a permanent disability, which the record shows did not exist prior to the last injury, it logically follows that the permanent disability is due to that injury.

On December 9, 1952, while working for the City of Sacramento as a garbage collector, petitioner sustained a low back sprain while lifting a garbage can. He recovered satisfactorily and returned to duty on December 22. On December 31, 1952,

---

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

while lifting a heavy can, he again sprained his back. Apparently well, he was returned to duty on January 20, 1953. In the proceeding before the board resulting from the first injury Dr. Hilding Johnson recommended ''because of his frail make-up and small size that he find some other occupation with less physical exertion involved; and it was suggested that he could work at such work as a street sweeper or a park attendant.'' After the December 31 injury Dr. Johnson stated: ''I would expect similar incidences of back sprain if Mr. Jones continues doing the heavy work required of a garbage man.'' Petitioner was subsequently transferred to lighter work, street cleaning.

In both of the proceedings resulting from the 1952 injuries, the commission found that petitioner had suffered no permanent disability. The only awards made were for temporary disability.

Petitioner testified in the instant proceeding that, although he had been having back trouble ever since the 1952 injuries, additional complaints had arisen since the 1962 injuries. The medical testimony on this subject was conflicting. However, although the expert testimony given in the 1952 injuries proceeding concluded with recommendations that petitioner *should* not engage in heavy work, that given at the instant proceeding was that petitioner *must* not so engage. Thus, the referee found permanent disability.

The board on reconsideration stated ''A trial referee found that applicant now has a low back disability which precludes heavy work.'' It then referred to Dr. Johnson's reports as to the 1952 injuries that petitioner ''would have trouble if he continued doing heavy work,'' and to Dr. Arthur R. Hartwig's report as to those injuries causing ''a very mild musculoligamentous low back strain,'' and concluded ''that it has not been established by a preponderance of the evidence that the injury herein caused any *additional* permanent disability.'' (Italics added.)

The board takes the position that section 4750 of the Labor Code prohibits the allowance of any compensation to petitioner based on the 1962 injury, because, in effect, it finds that the earlier injuries resulted in permanent disability. However, such findings are contrary to those made by the board in the earlier proceedings, which findings are res judicata (*Dow Chemical Co.* v. *Workmen's Comp. App. Bd.* (1967) 67 Cal.2d 483, 491 [62 Cal.Rptr. 757, 432 P.2d 365]), that no permanent disability had resulted from either 1952 injury.

Section 4750 provides that an employee "who is suffering from a previous permanent disability or physical impairment and sustains permanent injury thereafter shall not receive from the employer compensation for the later injury in excess of the compensation allowed for such injury when considered by itself and not in conjunction with or in relation to the previous disability or impairment. The employer shall not be liable for compensation to such employee for the combined disability, but only for that portion due to the later injury as though no prior disability or impairment had existed." This section does not apply because the prior rulings had held that petitioner did not have such permanent disability or physical impairment. The board converted the 1952 medical recommendation that petitioner *should* not continue to do heavy work because of his physical frailty into an inability to perform such work. ▮ "Physical harm to an employee does not qualify as an injury for purposes of the subsequent injury statutes until it results in permanent disability." (*Dow Chemical Co. v. Workmen's Comp. App. Bd., supra,* at p. 492.)

▮ It has been repeatedly stated that the purpose of the subsequent injury legislation which the board has relied upon is to encourage the employment of the handicapped by assuring the employer that in the event of industrial injury, he will not be liable for the total combined disability that results, but only for that portion of it which is attributable to the subsequent injury. (*State Comp. Ins. Fund v. Industrial Acc. Com. (Hutchinson),* 59 Cal.2d 45, 54 [27 Cal.Rptr. 702, 377 P.2d 902] ; *Dow Chemical Co. v. Workmen's Comp. App. Bd., supra,* 67 Cal.2d 483, 490, 493-494.) Where the previous injury is not of a type producing such permanent partial disability or impairment but is aggravated by a subsequent injury, the apportionment required by section 4663 of the Labor Code insulates the employer and his compensation carrier from excessive liability. Such apportionment was made in the instant case by the referee. Petitioner's frail physical condition and small size are not factors from which an employer's liability should be insulated. ▮ An employer takes his employee as he is when he enters employment; unusual vulnerability to injury will not preclude compensation therefor. (*Tanenbaum v. Industrial Acc. Com.* (1935) 4 Cal.2d 615, 617 [52 P.2d 215].)

▮ The board relies, too, on the following statement in *State Comp. Ins. Fund v. Industrial Acc. Com., supra,* 59

Cal.2d 45, at page 52: ''When there has been no loss of a member of the body or loss of its function, it is necessary as a prerequisite to compensation that the injury result in a decrease in earning capacity or the ability to compete in the open labor market. If a subsequent injury does not have such an effect it should not be compensable. Stated another way, the disability resulting from a subsequent injury should be compensable only to the extent that it can be said that the employee's earning capacity or ability to compete has been decreased from what it was immediately prior to the second injury.'' The board erroneously reasons that in the prior injuries petitioner had received a permanent disability so that he could not compete in the labor market for heavy work, and hence the latest injury has not affected his earning power because he can perform the same type of work which he was performing at the time of that injury, thus he had sustained no *additional* permanent injury. The fallacy of the board's reasoning lies in the fact that although advised not to perform heavy work he was never heretofore found not to be able to perform it, and hence was not found to be permanently partially disabled. As a result of the last injury the evidence discloses that he no longer can perform heavy work and hence is now entitled to a permanent partial disability rating.

The appeals board's decision is not supported by substantial evidence.

The award is annulled, and the case is remanded to the board with instructions to determine, in accordance with the rules herein announced, the extent of the permanent disability to Jones caused by the latest accident.

Pierce, P. J., and Regan, J., concurred.