DREW, Justice.
Petitioner in this case was awarded permanent total disability compensation for a back injury based on findings (1) that his pre-existing Parkinson’s disease was not accelerated or aggravated by the injury, and (2) that the back disability which on the basis of his education and experience makes him unemployable “is solely caused by the industrial injuries.”
The Commission has reversed and remanded for apportionment of disability from disease to the extent it had progressed at the time of the award, on authority of Evans v. Florida Industrial Commission, Fla. 1967, 196 So.2d 748. That decision, however, does not alter the provision of the statute, F.S. Sec. 440.02(19), F.S.A., limiting apportionment thereunder to the situation “where a pre-existing disease or anomaly is accelerated or aggravated by accident * *
The record evidence in this case clearly sustains the finding that claimant’s preexisting disease was not accelerated or aggravated by his accidental injury, and that the back disability which makes him unemployable is caused by the industrial injury and not by the disease. This conclusion in the present case is not, in our opinion, affected by evidence that claimant’s diseased condition prevents rehabilitation and corrective surgery. The statute does not provide for apportionment when a com-pensable injury is aggravated by disease, but attempts only to define the measure of apportionment when a compensable disability is attributable in part to aggravation or acceleration of pre-existing disease. The Evans decision in no way impinges that statutory condition by holding that when pre-existing disease is in fact aggravated by accident so that the resulting loss of earning capacity is attributable to or caused in part by the disease, then that apportiona-ble part shall be measured by and limited to disability caused by disease independent of aggravation and existing at the time of the accident or through normal progress *98 “at the time permanent disability is determined and an award is made.”
The order of the Commission is therefore quashed and the cause remanded with directions for reinstatement of the award.
CALDWELL, C. J., and ROBERTS, ERVIN and ADAMS, JJ., concur.