DREW, Justice.
The Judge of Industrial Claims in his compensation order in this case held:
“10. That the claimant now has a 15% permanent partial functional disability and/or physical impairment of the body as a whole. I find that T^/i% of said disability is related to the claimant’s pre-existing back condition and that it existed at the time of the second injury (October 22, 1965) and continued to manifest itself up to the date of this award. The remaining 7j/^% of said disability I find to be causally related to injuries received in the accident of October 22, 1965, when considering this injury, by itself, and not in conjunction with the claimant’s previous disability. In making this finding, I have adopted the medical testimony of Dr. Tobis, the claimant’s treating physician, who examined and treated the claimant before and after his accident of October 22, 1965. The other doctors testifying did not have an opportunity to examine the claimant and their testimony and opinions were based upon hypothetical questions.
“11. That after consideration of, among other things, the findings contained herein relative to the claimant’s age, education, employment background, physical condition, functional disability, complaints, and the type of work he is qualified to perform on the open labor market (as they existed before and after the accident of October 22, 1965), I find that the claimant had no loss of wage earning capacity due to his pre-existing physical impairment nor from the additional physical impairment related to the accident of October 22, 1965, or, if the claimant did have some- loss of wage earning capacity attributable to either condition, his physical impairment (7%% existing at the time of the second injury, and 7y2% caused by the second injury) is greater than said loss or diminution of wage earning capacity. Therefore, pursuant to F.S. 440.15(3)(u) [F.S.A.], the claimant is entitled to receive compensation benefits based upon his physical impairment rather than upon diminution of wage earning capacity.
“12. That the claimant, as indicated above, has permanent physical impairment due to his industrial accident of October 22, 1965, which merged with *730 his pre-existing permanent physical impairment to cause a permanent disability that is materially and substantially greater than that which would have resulted from the subsequent injury alone. I further find that the claimant’s preexisting physical impairment was, or was likely to be, a hindrance or obstacle to his employment which was known to his employer prior to the occurrence of the subsequent injury (accident of October 22, 1965). Therefore, under the Provisions of Florida Statute 440.49(4) (c) [F.S.A.], the employer at the time of the last injury, is required to pay all benefits provided by this Chapter, including the ‘excess compensation’ for claimant’s pre-existing condition (7i/¿% permanent partial disability) and the compensation due as a result of the subsequent injury (7}^% permanent partial disability).”
On review the full commission reversed, holding:
“ * * * the judge of industrial claims erred in not apportioning out of the award the 7^ per cent permanent partial disability due to the claimant’s pre-existing condition. It is our opinion that the circumstances of the case now under review are not governed by the holdings of the Supreme Court in Stephens v. Winn-Dixie Stores, Inc., Fla. 1967, 201 So.2d 731, and Evans v. Florida Industrial Commission (Davis Grove Service, et al), Fla.1967, 196 So.2d 748. * * * yt
Summarizing our holdings in the Stephens and Evans cases, supra, would serve no useful purpose. These extensive opinions clearly encompass the situation involved in this case and require the conclusion that the full commission was in error in reversing the deputy in this respect. It should be pointed out that subsequent to the Stephens and Evans cases this Court handed down two opinions, viz. Crotts v. Montgomery Ward & Company, Fla.1968, 208 So.2d 97, and Robinette v. E. R. Jahna Industries, Inc., Fla.1968, 208 So.2d 104. Both of these cases related to apportionment of disability for pre-existing disease or condition and further amplified the decisions of this Court in Stephens and Evans and in both cases this Court held that under the facts there was no basis for apportioning out of the award the percentage of the pre-existing disability.
On the authority of Stephens and Evans and the latter two cited cases of Crotts and Robinette, the decision of the full commission is quashed with directions to reinstate the compensation order of the Judge of Industrial Claims.
It is so ordered.
CALDWELL, C. J., and THOMAS, ROBERTS and THORNAL, JJ., concur.