Dr. Leonard Britton Superintendent Dade County Public Schools Board Administration Building 1450 Northeast Second Avenue Miami, Florida 33132
Dear Dr. Britton:
You have asked the following question:
 MAY FUNDS RECEIVED PURSUANT TO s. 236.25(2), F.S. (1986 SUPP.), FOR THE LOCAL OPTION MILLAGE LEVY FUND BE TEMPORARILY ADVANCED TO THE GENERAL FUND OR ANY OTHER PART OF THE SCHOOL BOARD BUDGET?
You state that from time to time the School District of Dade County advances idle funds from the Local Optional Millage Levy (LOML) Fund to other parts of the district's budget. This is done to alleviate temporary negative cash flows. The LOML Fund is reimbursed as soon as possible to avoid disruption of distributions from the fund. You have provided a letter dated July 13, 1983, from the Florida Department of Education indicating that there is no prohibition against advancing idle funds, including those from the LOML Fund, to the general fund. The Office of the Auditor General, however, in its audit reports for the Dade County School District for fiscal years 1983-84 and 1984-85 states that the use of restricted tax collections for other purposes is improper. The Auditor General recommends that the practice of loaning monies restricted for a specified purpose to other funds be discontinued. In light of the conflicting guidance you have received, you request the opinion of this office.
Section 9(a), Art. VII, State Const., provides that "[c]ounties, school districts, and municipalities shall . . . be authorized by law to levy ad valorem taxes and may be authorized by general law to levy other taxes, for their respective purposes, except ad valorem taxes on intangible personal property and taxes prohibited by this constitution." (e.s.) Section 236.25(1), F.S. (1986 Supp.), requires
 [e]ach school board desiring to participate in the state allocation of funds for current operation as prescribed by s. 236.081(6) shall levy on the nonexempt assessed valuation for school purposes of the district, exclusive of millage voted under the provisions of s. 9(b) or s. 12, Art. VII of the State Constitution, a millage rate not to exceed the amount certified by the commissioner as the minimum millage rate necessary to provide the district required local effort for 1982-1983, pursuant to s. 236.081(4)(a)1., plus 1.6 mills. However, in no event shall the nonvoted discretionary millage of a district exceed 25 percent of the millage which is required pursuant to s. 236.081(4), exclusive of millage levied pursuant to subsection (2).
School boards may, however, levy an additional millage, Section 236.25(2)(a), F.S. (1986 Supp.), provides:
 In addition to the maximum millage levy as provided in subsection (1), each school board may, until July 1, 1985, levy not more than a 2-mill equivalent against the nonexempt assessed valuation for school purposes, and, beginning on July 1, 1985, may levy not more than 1.5 mills against the nonexempt assessed valuation for school purposes to fund:
 1. New construction and remodeling projects, as set forth in s. 235.435(3)(b), without regard to the prioritization in that section, sites and site improvement or expansion to new sites, existing sites, auxiliary facilities, or ancillary facilities.
 2. Maintenance, renovation, and repair of existing school plants. However, these funds shall not supplant current expenditures from operating revenues for maintenance, renovation, and repair, based on the average of the prior 3 fiscal years; and such funds shall be subject to the provisions of s. 4 of chapter 79-583, Laws of Florida.
3. School bus replacement.
 4. The purchase of new and replacement equipment. However, these funds shall not supplant current expenditures from operating revenues for the purchase of new and replacement equipment, based on the average of the prior 3 fiscal years.
 Violations of these expenditure provisions shall result in an equal dollar reduction in the Florida Education Finance Program (FEFP) funds for the violating district in the fiscal year following the audit citation.
Therefore, the use of the funds received pursuant to s. 236.25(2), F.S. (1986 Supp.), is restricted to the enumerated expenditures. When the Legislature has set forth those things upon which a statute is to operate, it is ordinarily construed as excluding from its operation all those not expressly mentioned. Thayer v. State, 335 So.2d 815 (Fla. 1976); Escambia County Council on Aging v. Goldsmith, 465 So.2d 655 (1 D.C.A. Fla., 1985).
Section 230.03(2), F.S., provides:
 SCHOOL BOARD. — In accordance with the provisions of s. 4(b) of Art. IX of the State Constitution, district school boards shall operate, control, and supervise all free public schools in their respective districts and may exercise any power except as expressly prohibited by the State Constitution or general law.
This office has stated that s. 230.03(2), F.S., grants to district school boards "home rule" powers, enabling them to exercise any power for school purposes in the operation, control and supervision of all free public schools in their districts unless expressly prohibited by the State Constitution or general law. See, AGO 83-72. However, in the case of direct conflict between a state statute and a rule, policy or other form of legislative action taken by a district school board, the state statute prevails. See, AGO 84-95 (district school board precluded from expending district school funds in any manner conflicting with or other than as Legislature has directed in statute). And see, AGO 83-72 (where a state statute distinctly specifies the method, manner or procedure in which a district school board is required to act, such legislative direction prevails over a conflicting method or procedure adopted by a district school board). In light of restrictions placed upon the use of LOML funds in s. 236.25(2), it appears that temporary advancement of monies from the LOML Fund to other parts of the district school board's budget would not be authorized.
SUMMARY
I am of the opinion that the specific enumeration of those school purposes for which funds derived from the school district's levy pursuant to s. 236.25(2), F.S. (1986 Supp.), may be used, precludes a school board from advancing idle funds from the LOML Fund to alleviate temporary cash deficits in other parts of the district's budget.
Sincerely,
Robert A. Butterworth Attorney General
Prepared BY:
Lagran Saunders
Assistant Attorney General